# Supreme Court of Florida

_____

No. SC20-1236

_____

**IN RE: PETITION TO AMEND THE RULES OF THE SUPREME COURT RELATING TO ADMISSIONS TO THE BAR AND THE RULES REGULATING THE FLORIDA BAR.**

September 3, 2020

PER CURIAM.

On August 20, 2020, Petitioners, who total more than 50 members of The Florida Bar in good standing, petitioned this Court, pursuant to Rule Regulating the Florida Bar 1-12.1(f), to adopt emergency rules to provide for admission to The Florida Bar without examination, followed by a supervised practice requirement to aid registrants for the July 2020 Florida General Bar Examination who have been severely impacted by the delays in administering the examination.[1] We have jurisdiction. *See* art. V, § 15, Fla. Const.[2]

_____

1. Several comments supporting the petition have been filed.

2. Petitioners also request that the Court waive the prefiling requirements that they file their petition with The Florida Bar 90 days prior to filing it with the Court and publish notice of their intent to file the petition at least 30 days prior to filing. *See* R. Regulating Fla. Bar 1-12.1(f)-(g). In light of the emergency nature

## Background

On August 24, 2020, four days after the petition in this case was filed, Chief Justice Canady, with the Court's approval, established the Temporary Supervised Practice Program, under which qualified registrants for the July 2020 Bar Examination may practice, on a temporary basis, under the supervision of an attorney. That program is now being implemented by the Florida Board of Bar Examiners (Board) and will expire within 30 days after the Board releases results for the February 2021 General Bar Examination. *See In re COVID-19 Emergency Measures Relating to the 2020 Bar Applicants—Creation of the Temporary Supervised Practice Program*, Fla. Admin. Order No. AOSC20-80 (Aug. 24, 2020). The Court also has assured the Bar applicants waiting to take the rescheduled Florida General Bar Examination that the Board will administer the online examination on October 13 and 14, 2020. *See In re Covid-19 Emergency Changes to the Administration of the July 2020 Florida Bar Examination— Rescheduling of Online Bar Examination and Authorization of Temporary Supervised Practice Program*, No. SC20-939 (Fla. Aug. 26, 2020).

---

of this petition, we excuse Petitioners' noncompliance with the prefiling requirements and waive those requirements as requested. Because this Court has opted to decide this case as expeditiously as possible, to provide as much certainty as soon as possible for applicants, Petitioners' request for oral argument is denied.

Petitioners, now, ask the Court to adopt emergency rules that "waive the requirement of passing all parts of the bar examination" as a condition for admission to The Florida Bar and, instead, allow for admission of applicants who otherwise qualify for admission based upon graduation from an ABA-accredited law school and demonstration of good moral character as provided in Rule 3-12 of the Rules of the Supreme Court Relating to Admissions to the Bar. Under the Petitioners' proposal, Bar applicants registered to take the July Bar exam would be admitted immediately upon recommendation of the Board, subject to supervision for six months by a Florida attorney who has been a member of The Florida Bar in good standing for five years. At the end of six months of supervision, the supervising attorney would "attest[] to the completion of the period of supervised practice," the supervision requirement would terminate, and the newly admitted lawyer would enjoy the privileges of unrestricted practice enjoyed by all other members in good standing of The Florida Bar. For the reasons explained below, the Court declines to authorize such a pathway to Bar membership.

**Discussion**

Article V, section 15 of the Florida Constitution vests this Court with "exclusive jurisdiction to regulate the admission of persons to the practice of law and the discipline of persons admitted." As with all of our sworn constitutional duties, we take this obligation seriously. In a nation whose freedoms are secured

- 3 -

by the rule of law and in which civil and criminal justice are largely entrusted to the legal profession, it is essential for this Court to ensure that those seeking to practice law in this state possess "knowledge of the fundamental principles of law and their application," an "ability to reason logically," and the preparedness to "accurately analyze legal problems," before they are allowed to offer their services to the public. *See* Fla. Bar Admiss. R. 3-10.1(a)-(b). Unfortunately, this Court regularly sees the extreme harm done to individual members of the public by lawyers who, in practice, fall short of these "essential" requirements. *Id.* That harm, when it occurs, undermines confidence in our entire system of justice and, consequently, undermines the foundation for our system of justice itself.

This Court has determined and still believes that law school graduation alone does not sufficiently demonstrate the knowledge, ability, and preparedness necessary to admit a law graduate to the practice of law in Florida. Therefore, it has long been the Court's policy to require Bar applicants to demonstrate that they meet these essential requirements by taking and obtaining a passing score on the Florida Bar Examination before admitting them to The Florida Bar. *See In re Fla. Board of Bar Examiners Amend. of Sec. 10 of Art. 2 of Rules Relating to Admiss. to the Bar*, 113 So. 2d 706 (Fla. 1959) (amending Bar admission rule requiring Bar examination and recognizing 1955 adoption of that rule); *see also* Fla. Bar Admiss. R. 4-10; 5-12. This Court also does not believe that the completion of six months

of supervised practice can sufficiently substitute for the passage of a comprehensive Bar examination that would allow the Court to fulfill its constitutional duty to evaluate a Bar applicant's knowledge and skill before admitting the applicant to the unrestricted practice of law.

Therefore, as noted above, to mitigate the impact of the exam delays on Bar applicants, the Court has taken steps to ensure the October administration of the online examination and has approved the creation of the Temporary Supervised Practice Program, which already has approved participants. It is the Court's sincere hope that this program will help ameliorate some the burdens of the delayed examination for many of the applicants. In furtherance of that hope, the Court joins Florida Bar President Dori Foster-Morales in calling on all Florida lawyers who are able to employ and supervise qualified applicants participating in the program to do so.

Because the Court cannot fulfill its responsibilities under article V, section 15 of the Florida Constitution in the manner requested by Petitioners, the requested rule changes are not warranted; and, the Court respectfully declines to adopt them.

It is so ordered.

CANADY, C.J., and POLSTON, LAWSON, MUÑIZ, and COURIEL, JJ., concur.
LAWSON, J., concurs specially with an opinion.
LABARGA, J., recused.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

LAWSON, J., concurring and concurring specially.

I fully agree with the majority opinion and its conclusion that Petitioners' proposed emergency rule would not allow us to fulfill our obligations under article V, section 15 of the Florida Constitution by assuring that those admitted to practice law in Florida possess the knowledge and ability necessary to offer unsupervised legal service to the public.

Petitioners' argument for advancing their well-intentioned proposal is premised primarily upon "[t]he delays along with the haphazard method in which the Florida Board of Bar Examiners has attempted to administer The Florida Bar Exam in the Summer of 2020" and the "disruption of the settled expectations" suffered by applicants that "has created extreme financial hardships, loss of employment opportunities, loss of health care, and repeated psychological stress."

With respect to the first argument, it might be helpful to explain that, at all times, the Board has acted at this Court's direction in its attempts to provide a licensing opportunity on a schedule that would allow applicants to begin their legal careers in a time frame as closely aligned as possible to their expectations when they entered law school. With the advice and support of public health officials in the executive branch and other health experts and governmental officials in Tampa and Orlando, where the in-person examination was scheduled to be held, we believed that the Board could successfully administer a fair, reliable, and secure

examination in July in a manner that would protect the health and safety of those scheduled to take, administer, or proctor the exam. We were guided by the need to fulfill our constitutional responsibility to those served by our legal system and by our strong desire to provide a bar admission opportunity as soon as possible for applicants, with the hope of avoiding disruption to the lives and careers of those future lawyers, to the extent possible, during a global pandemic.

The Board consists of twelve lawyer volunteers and three nonlawyer public members, who also are volunteers. Each Board member, in the best of times, dedicates over 500 hours annually of exceptional service to the important task of regulating admission to the practice of law, entrusted to this Court by our Constitution. It is hard work; it involves great sacrifice; and, it usually goes unrecognized by the legal community and the public that have been well-served for years by the Board members' selfless sacrifice. During these difficult and turbulent times, these volunteers have toiled tirelessly in an attempt to provide a testing opportunity for applicants, many putting in long hours without remuneration, under stressful conditions, and while attempting to balance a law practice or other careers, health and other personal challenges, and family responsibilities, while also dealing with the uncertainty that we all face during the pandemic. As COVID-19 cases spiked and we decided that an in-person examination could not be safely administered, the Board pivoted at our direction in

an attempt to provide an online examination as quickly as possible, in a manner that fulfills this Court's constitutional responsibility. Our failure to administer a secure and reliable bar exam in July and August is bitterly frustrating for the Board, for the Court, and for applicants. Those frustrations, however, do not justify opening Florida's legal profession to most Bar applicants registered for the July exam without a reliable assessment of their preparedness to practice law.

With respect to Petitioners' second argument—the "disruption of . . . settled expectations" suffered by applicants, along with the attendant financial and other hardships and psychological stress, I apologize. I sincerely wish that our well-intentioned actions in attempting to provide an admission opportunity as early as possible would have succeeded as planned. When we decided to move forward with a July administration of the exam, we had no way of knowing whether conditions would even improve by February 2021. Attempting to stay the course with a July administration, even with the obvious obstacles, appeared to be the best option for applicants and the legal system at that time. In hindsight, one could speculate that simply postponing testing until October or February might have been better for everyone.[3] That is the nature of hindsight.

---

3. Delaying certainly would have been the easiest course for the Court, the Board and, most especially, the Board's staff. The Board and its staff are completely self-funded by applicant fees and, over the years, to keep admission costs as low as possible, this staff has remained lean. The Board is staffed for normal operations and, in retrospect, it would have been helpful to contract with

I certainly recognize the extraordinary stress that many applicants, who have been waiting to take the bar exam, are suffering; and I am confident that this Court and the Board will continue to take every responsible step available to alleviate as much uncertainty as possible for those applicants. However, because we cannot fulfill our responsibilities under article V, section 15 of the Florida Constitution in the manner requested by Petitioners, I fully agree that we must decline to adopt the requested emergency rule changes.

Original Proceeding – Rules of the Supreme Court of Florida Relating to Admissions to the Florida Bar and Florida Rules Regulating the Florida Bar

Matthew W. Dietz of Disability Independence Group, Inc., Miami, Florida; and Brian L. Tannebaum of Brian L. Tannebaum, P.A., Miami, Florida,

    for Petitioner

Irene Oria of Irene Oria, P.A., on behalf of Hispanic National Bar Association, Miami, Florida; Mitchell A. Stone of Mitchell A. Stone, P.A., on behalf of Florida Association of Criminal Defense Lawyers, Jacksonville, Florida; Matthew P. Meyers, on behalf of Florida Association of Criminal Defense Lawyers-Miami Chapter, Miami, Florida; Carey Haughwout, Public Defender, and Claire V. Madill, Assistant Public Defender, on behalf of the Palm Beach County Public Defender's Office, West Palm Beach, Florida; Bob Dillinger, Public Defender, and Joy K. Goodyear, Assistant Public Defender, on behalf of the Public Defender's Office of the Sixth Judicial Circuit, Clearwater, Florida; and Larry Eger, Public Defender, on behalf of the Public Defender's Office of the Twelfth Judicial Circuit, Sarasota, Florida,

---

extra support immediately to give staff the additional resources necessary to deal with the extraordinary demands that attempting to administer an exam with this many applicants, during a pandemic, has placed upon them. In time, we will reflect upon, analyze, and learn from this experience, although I know that this provides little or no comfort to applicants now.

Responding with comments